**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EDWARD I. SOFOWORA,** ) | 1:08-CV-1160-LJO WMW HC |
| ) | |
| Petitioner, ) | FINDINGS AND |
| ) | RECOMMENDATIONS RE |
| vs. ) | DISMISSAL OF PETITION |
| ) | FOR WRIT OF HABEAS |
| ) | CORPUS |
| **DANNY YOUNGBLOOD, WARDEN,** ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

      Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is

inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In this case, Petitioner has filed a Section 2241 petition seeking to challenge his conviction by claiming that his plea agreement was violated. Because this is a challenge to the validity or constitutionality of his conviction or sentence, Petitioner must bring this challenge by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 unless he can show that the remedy available under Section 2255 is inadequate or ineffective to test the validity of his detention. Petitioner has made no such showing. Accordingly, this petition must be dismissed.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that this petition be dismissed without prejudice to Petitioner's right to file a proper petition pursuant to 28 U.S.C. Section 2255; and

2) the Clerk of the Court be directed to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 7, 2008**            /s/  **William M. Wunderlich**
                                   UNITED STATES MAGISTRATE JUDGE